17-4126. Counsel, please proceed. May it please the Court, my name is Tim Smith and I represent the Plaintiff Appellant in this case, Clear, Inc. I'd like to reserve three minutes of my time for rebuttal. Clear is appealing the District Court's ruling decision to award the Defendant Appellee Focus Nutrition attorney's fees in this case and ask the Court to reverse the District Court's decision and remand the case with instructions for an order denying the motion for fees. The threshold issue before this Court is whether or not the District Court erred in determining that Focus was a prevailing party in a case that was voluntarily dismissed by stipulation by the parties pursuant to Rule of Civil Procedure 41A1A2 and where Focus did not receive any relief from the Court and actually failed on the disposed motion that it filed. This issue is reviewed de novo by the Court and no deference is given to the District Court's determination of the prevailing party status. Are you arguing that a Rule 41A1 dismissal can never result in a prevailing party? I'm not, Your Honor, because the issue which or what must be present for there to be a prevailing party is a judicial imprimatur. And in a case like this where we had the dismissal under Rule 41A1A2, there was no judicial imprimatur. The Court had no involvement, didn't provide any relief throughout the course of the case. I'm just interested in the scope of this argument and would there be a circumstance where there would be a judicial imprimatur under 41A1A2 dismissal? There have been a few cases, I think they've cited a few cases where that happened and that's where the Court issues an order implementing the 41A1A2 dismissal. I think that their courts have found there's a judicial imprimatur there. I think that's a stretch because, as you're aware, 41A1A2 is self-executing. As soon as the parties file that voluntary dismissal under 41A1A2, it's self-executing. The case is over. There's no more discussion or determination of the merits. So I think it would be a very rare case where you would have a judicial imprimatur under 41A1A2. So there are cases where a party prevailed on a preliminary injunction or I know there's one case where there was a summary judgment motion that was filed. And even under those circumstances, a party would have received some relief from the Court earlier in the case and that would create a judicial imprimatur. But here, there was no judicial relief provided to focus at all throughout the entirety of the case. And you're relying on the Microsoft decision? Not for this part of the case, but that's part of an argument that we raised and I know we raised that in the brief for the first time because we hadn't, that case had not been issued at the time we filed our opposition. And you would like me to discuss that case your way? Well, yeah, I guess my question is why shouldn't we limit that to its facts, to the specific issue that was before the Court that had to do with certification of a class? I think the Supreme Court could have done that if they wanted to narrow it. They would have said so. And I think the concurrence in that case argued that it should be limited to the facts and the Court, the majority opinion declined to limit it that way, Your Honor. So, well, doesn't that then mean that in virtually every instance, you wouldn't have a final judgment under the rule? It could have that, under that rule, under 41A12, dismissal, where no judgment is entered and where Rule 54 requires that there be a judgment to pursue your attorney's fees, then I believe you're correct, Your Honor. So if there's no final judgment, how does this Court have appellate jurisdiction? I don't know the answer to that, Your Honor. I'd have to look at that. This isn't your main argument, though. No, it's not, Your Honor. My main argument is that the District Court, in its order, essentially applied the Catalyst Theory to this case. The Catalyst Theory is when the Court undertakes a determination looking at the facts and circumstances of the case and tries to determine who a prevailing party is. The Catalyst Theory was expressly rejected by the Supreme Court in the Buchanan v. West Virginia Department of Health and Human Resources case. The District Court didn't address or even mention Buchanan in this opinion, and I think Buchanan is really what controls here. Buchanan, they rejected the Catalyst Theory, which is basically what the Court applied, and they said in order to find a prevailing party, there must be some judicial imprimatur. And as I mentioned, that includes a judgment, summary judgment. Even under Rule 41A2, you would have a judicial imprimatur because that requires file stipulation and an order. And the Court has the discretion in under 41A2 to implement the ruling in some way. And that didn't happen here. The Court made some comments in passing on a hearing, on a motion for judgment on the Catalyst Theory. It's not enough. There was no court-affected relief. And I think that the focus spends much of their brief arguing for the Catalyst Theory, where they discuss the things that happened at that hearing and would want this Court to re-adopt the Catalyst Theory, which, as I mentioned, has been expressly rejected. And in fact, this Court has, after Buchanan or Buchanan or however you say it, this Court has interpreted it the same way that you interpret it, doesn't it? Yes, Your Honor. Virtually every court to have addressed the issue, word of attorney's thesis, when a case is dismissed without any involvement from the Court, specifically pursuant to Rule 41A1A2, has found there's no judicial imprimatur and therefore found no prevailing party. And we have not or are not aware of a single case where the Court looked at a case where the party had not only not received any relief from the Court, but actually failed on their dispositive motion and then received their attorney's fees in the case. If we were to agree with you with respect to the Lanham Act claim that you can't rely on the Catalyst Theory, would we apply the same law in looking at whether there was a I believe that would be appropriate, Your Honor, because there's not a case, I'm not aware of a case in Utah interpreting a prevailing party where the Court has awarded fees when there's been no judicial imprimatur. I know that's not explicit in the case there, but it just hasn't come up. But it would make sense, and I'm sorry, you started talking. Well, doesn't Utah follow a different rule for determining who the prevailing party is In Neff v. Neff, the Utah Supreme Court indicated that they use a flexible rule that doesn't seem to focus on what type of order you have or judgment you have. Yes, I believe that they do specifically talk about a flexible approach, Your Honor, but I think if we were to fall back, and in this case where the district court awarded fees also under that statute, I think it creates an unusual result where you have no prevailing party under the Buchanan holding, and therefore no award of fees would be permissible. Why would it create an unusual result? Maybe the standard for attorney fees is different under state law than it is under federal law. Well, I think in this case in particular, it creates an unusual result because Well, in this case, but the law can be different, can't it? Yes, Your Honor. But why isn't the law different? There isn't any indication in Utah cases that the Buchanan rule applies. That's correct, Your Honor. So why would this court import Buchanan into a case involving application of Utah law? Well, I think that what happens under the Utah law, under the Neff v. Neff decision, is there's a two-step approach that the court talks about in that case, and it says you've got to determine whether fees are recoverable in the first place. And I think you have to, and what they say in particular, what's important in the Neff v. Neff case is the, at least from my perspective, is what role that claim had in the case. And I don't think the district court even looked to see what role that claim had. Let me make sure. It seems to me we've departed now from Buchanan, and we're, and now you're  Yes, Your Honor. Is that where we are? Yes, Your Honor. Okay. And under Neff, you're supposed to look and see what role that claim had overall in the case. And in this case, that claim had no role in the case. There was no briefing, there was no argument, there was no discovery, there was nothing that went on with respect to the Utah Truth in Advertising Act. So because that's such a peripheral position, it shouldn't serve as a basis for attorney's fees. And that's what the Fourth Circuit determined when they looked at that Neff case and the first Neff case. Well, did we get to look at this in the first instance, or is this a situation where the district court has to make findings under the Neff factors? I think the district court does have to make findings under the Neff factors, Your Honor. So we would have to remand, in your view, on attorney's fees under the Utah Truth in Advertising Act. I don't know that remand would be necessary because the court has the same facts in front of it that the district court did. The district court didn't specifically make the findings, but I think the court could look at the facts and see that that case had such a peripheral role that it was... Well, what's their standard of review? Isn't it abuse of discretion? I think it's abuse of discretion to award attorney's fees, but as I looked at Neff v. 2008 and 2001 Utah 6, I think that issue, whether the trial court's findings of fact in support of the fees are sufficient, is a clearly erroneous standard. But we don't have any findings of fact here, do we? You don't, Your Honor. You have the record before you with those facts. But we don't make findings. Correct, Your Honor. So is it your position that we would have to remand on whether fees are appropriate under the Utah claim? Yes, Your Honor. Counsel, can I just go back to where you started? There wasn't order entered here in this case, correct? And I'm wondering if you can tell, just tell us why that doesn't count as some judicial sanction. The order that... Dismissing the case. There wasn't an order dismissing the case. It was a lease file, the stipulation. There was no order of any kind. No, Your Honor. It was simply a notation in the docket that the case had ended. There was nothing entered, no order entered by the court. Okay. But what does the notation suggest? I can tell you, Your Honor. Civil case terminated, for stipulation and dismissal case closed, is the notation in the docket, Your Honor. Okay. And that had to happen somehow, didn't it? Right. So we, well, a clerk entered that, is my understanding. It wasn't the judge entering anything. There was no order. He didn't condition on anything because under Rule 41A2, the dismissal was self-executing. Okay. Thank you. Thank you. Are you also, are you challenging the reasonableness of the fees as well? Yes, Your Honor. Okay. Do you want me to go into that? No, you can save your time. Okay. Good morning, Your Honors. I may have pleased the court. This is a kind of a heady place for a former legal aid attorney from Utah and Phoenix. So I apologize if I appear nervous. Prior to this hearing, I walked the halls of this pretty remarkable courthouse and I was overwhelmed by its history. The men and women judges have dedicated their lives to the law and import of the United States court system. And it struck me that to invoke the jurisdiction and considerable powers of these federal courts, that means something. You don't file a lawsuit with no evidence. With no plan. And then ask for relief from this court. And that's really what's going on here. Well, actually what's going on here is you have to have a basis for attorney's fees in any action. Of course, Your Honor. And so let's start with the Lanham Act claim. Well, could I actually answer your question about Buck Hannon? Okay. Okay. And I believe appellant has confused Buck Hannon. The holding of Buck Hannon is there has to be a judicially sanctioned change in your legal position. And we have that here. There was a dismissal with prejudice. That is an adjudication on the merits. Buck Hannon, the voluntary change was not a stipulation for dismissal. The voluntary change was West Virginia revoking the statute at issue, thereby mooting the case. The difference is this. West Virginia could re-invoke that statute and bring that case back before the court. There was no judicially sanctioned dismissal. Here, whether by stipulation or order, this was with prejudice. That is an adjudication on the merits. And that is the critical fact and the critical law. Let me ask you this. We have cited, we have, this Court has interpreted Buck Hannon in published decisions, which oddly neither of you cited. But in Bell v. Board of City Commissioners, I believe we have foreclosed your attention to the fact that the court does not incorporate a private settlement into an order, does not sign or otherwise provide written approval of the settlement's terms, and does not retain jurisdiction to enforce performance of the obligations assumed by the settling party. The settlement does not bear any of the marks of a consent decree and does not confer prevailing party status on the party whose claims have been compromised. And we said it again in Biodiversity v. STEM. I think the law is pretty settled here. Your Honor, I very respectfully disagree. This was not a settlement agreement. Okay? And to Your Honor's inquiry about whether there are findings, there absolutely were findings. The docket entry says in resolving the 12C motion, refer to the findings on the record. And let me review those. Judge Benson. These are the findings on the motion to dismiss. And then reaffirmed in the motion, the order on the motion for attorney's fees. Well, how could there be any findings on the Utah Truth in Advertising claim from the 12C motion when that wasn't part of the motion? There were findings in the order on the motion for attorney's fees on the Utah Truth in Advertising. And let me, if I could, Your Honor, review the findings that are part of this record. Judge Benson, I don't know how you met Rule 11. Judge Benson, appellant made a bare-bones allegation of trade dress infringement. Something has to back it up. Judge Benson, we can look at all these packages and they look remarkably similar. Judge Benson, appellant appears quite smug in standing there saying we've pled what we needed to plead and I wonder if you did. Judge Benson, I've had dozens of trade dress cases before me and yours just seems as weak of a case as I can imagine. Judge Benson, you have failed to conduct any discovery. Judge Benson, you have failed to disclose any witnesses or evidence pursuant to your Rule 26 obligations. Judge Benson, it would not be hard for me to say that no reasonable jury is going to find trade dress infringement based upon the facts alleged. Counsel, what are you reading from again? Your Honor, this is in the record. I understand. What are you reading from? It's from the hearing on the Rule 12c motion. Right. But you also said something about the attorney's fees order, but we haven't reached that yet. What you're reading now was the hearing you had on the Rule 12c motion for judgment on the pleadings. Correct. All right. So there can be no greater judicial imprimatur. That's not a judicial imprimatur on the stipulated dismissal. There was no court involvement at all on the stipulated dismissal. I couldn't disagree more, Your Honor. Well, then why? Where was the court when this case was dismissed under Rule 41? Did the court have anything to do with that stipulated dismissal? Yes. What? The court said without additional evidence. Wait. The court said nothing about that when the case was dismissed by stipulation. You're going back to a hearing. You're not addressing the dismissal. All right. There is no functional difference between a 41A1A2 dismissal and a 41B2 dismissal. Never is there judicial imprimatur in a stipulated motion to dismiss with a corresponding order. I don't think you've answered the question. The parties together stipulated a dismissal of this case. With prejudice. With prejudice. But the court was not involved in that agreement and that filing. Sure it was. Where? The court closed the case and reported to the U.S. Patent and Trademark Office that the case had been dismissed. Well, if that's true, then any 41A dismissal is going to have a judicial imprimatur. Is that your position? Not at all, Your Honor. This is an incredibly unique case. Now, counsel, if the court had to close the case, the court has to close any case that's dismissed under Rule 41, doesn't it? Yes. Okay. Is that a judicial imprimatur in every single 41A1 dismissal? If it has to close the case in every 41A1 dismissal, doesn't it logically follow that that's your position? You keep wanting to go back to this Rule 12C hearing. I understand that. We understand your argument. But let's look at the stipulated dismissal. And the court isn't around for that. And in terms of why the case was dismissed, it doesn't really matter. We don't know why the two of you got together and stipulated the dismissal. Maybe it had something to do with the 12C hearing. Maybe it didn't. We don't know. Now, the critical thing about the stipulation for dismissal is that it's with prejudice. That's the issue. That's the issue. Buckhannon stands for the proposition that a voluntary change... Wait, counsel. Why does it matter that it's with prejudice? Explain that to me. Because that's an adjudication on the merits. Where is the quirk? Did the quirk dismiss this with prejudice? Yes. No, it didn't. The stipulation just says that the parties agreed under this rule to dismiss the case. The court didn't have to approve it. That's the ultimate form over substance, though. No, it isn't. The court didn't have anything to do with this dismissal, did it? I mean, tell me where the court is involved. Yeah. The parties agreed to dismiss the claims with prejudice, and each party expressly reserves its right to seek an award of attorney's fees and costs from the court. Okay? The court received that stipulation and then received the motion for attorney's fees. On a... Is the award of... Is your argument that the award of attorney's fees was the judicial sanction here? The award of attorney's fees memorializes the judicial imprimatur. That is the judicial standpoint. Okay. Give me a case that supports that argument. Buchanan. How about National Association of Baseball Managers? How about the cases that Judge McHugh just cited? Biodiversity versus STEM says that Buchanan requires more than a mere judicial statement favoring one party. So your catalyst theory has been roundly rejected both by the Supreme Court and by this Court. The catalyst theory is a voluntary change of conduct by a party to litigation, which does not materially alter their post-suit position. That's the difference. That's why it's with or without prejudice. They can't sue us for trade dress infringement again. If they tried, the court would say, this was dismissed with prejudice, and under the rules, that's an adjudication on the merits. Whether there's an accompanying order of dismissal with prejudice, that's a technicality that would defeat the reason is the soul of all law. Well, I think we understand your position. Maybe it would be helpful if we move to the Utah Truth in Advertising claim. Would you agree that it is under the state law test for prevailing party, because we're sitting in diversity and not under the whatever Buchanan means? Yes. Okay. So can you point me to some place in the record where the trial judge made findings on the specific factors that the Utah Supreme Court has directed that the court should look at in determining who is the prevailing party under Neff versus Neff? And reminding you of those factors, the language of the statute that forms the basis for the attorney's fees, the number of claims brought by the parties, the importance of each of the claims relative to the entire litigation, the amounts awarded on each claim, and whether the interests of justice and equity weigh in favor or against an award of attorney's fees. Yes. The court found that the complaint was filed on mere conclusory legal allegations. Again, are you looking at the court's comments from the bench at the hearing on the 12C motion? No. I'm reading from the court's order on the motion for attorney's fees. Okay. And the court's total complete findings are one sentence. The court finds that defendants prevailed within the context of this case as a whole. As discussed above, it succeeded in plaintiff dismissing all of its claims with prejudice. No, that ignores the entire background three pages before the court gets to prevailing party, where the court in great detail memorializes the conduct of the appellant in this case. That they filed a lawsuit with the barest of allegations, that they conducted no discovery, that they responded to no discovery, that they made no 26A disclosures, that when faced with the court... Let me interrupt you. If we were to find that you are not a prevailing party under the Lanham Act, but that you were under the Utah Truth in Advertising Act, how would that affect the award of attorney's fees? It wouldn't. They were litigated in parallel, and in essence were the same claim by the plaintiff. We would have had to defend the litigation whether they were brought jointly or individually. Well, the 12C motion was brought only under the Lanham Act, right? That's correct, Your Honor. So why would you be entitled to fees for the time spent preparing the 12C motion if you were only entitled to fees under the Truth in Advertising claim? I suppose, Your Honor, the district court could sort that out and determine whether it was reasonable. They involved the same facts and circumstances. That research... The court hasn't done that yet, though, has it? And you didn't provide that information to the court that breaks out the work done on one claim as opposed to another? No, Your Honor. I'm sorry. I'm somewhat dumbfounded that this record is truly remarkable. In 22 years of litigating... Why don't you just answer the question. Did you submit, in support of your attorney fee application, information that breaks out work expended on the different claims? No, Your Honor. All right. Let me ask you one other thing about the attorney fees on the Utah claim. How can you be a prevailing party when you agreed to dismiss your counterclaims with prejudice? That's because they were moot. They were solely for declaratory relief, and the clear law is that had they filed... Your Honor, the court would have dismissed our counterclaim because it was not an independent counterclaim. It was solely dependent on the plaintiff's claims. The law is clear on that, Your Honor. The law is clear on that? It is, Your Honor. Give me a citation. Okay. Let's not take the time. If you want to submit a 28-J letter, that's fine. I've got one other question for you, and that is, under Utah law, to attain attorney's fees, don't you have to have a judgment? Isn't that what the Utah cases, at least descriptively, seem to suggest? Yes, Your Honor, but I have the functional equivalent of a judgment here. I have a dismissal with prejudice of plaintiff's claims. They can never be refiled. Do you have authority on that from a Utah case? I do, Your Honor, but I would need to look. There's a Utah case that doesn't have a judgment and makes your functional equivalent determination. There's a Utah case on that. If you have one, fine, but make sure you're telling me you have one. I would need to look, Your Honor. Again, it's remarkable to me on this record with these court's findings. Counsel, your time is up. Why don't you wrap up your argument? Do you want to complete your thought? Yes, Your Honor. Okay, you're over time, so let's wrap it up. Go ahead and complete your argument. The district court found that this lawsuit was completely devoid of merit, that the plaintiff did nothing to, quote, prosecute or support its claim. I find it remarkable that the district court does not have the discretion to award attorney's fees with those findings. Thank you, counsel. You ran over a bit. Let's give him one more minute. Just very briefly, I want to talk about what focus are these findings. The district court did not make any findings at that hearing on the 12C motion. Those are comments made in passing. He didn't say, I am finding. He didn't provide a list of findings. There's nothing there for those to be findings. And again, all of that and what focus presses goes to the catalyst theory for the award of attorney's fees. And that theory is no longer valid. That theory is gone. One thing that was mentioned is that there's no difference between a dismissal under 41A1A2 and 41A2. There is a difference. Under Rule 41A1A2, it's self-executing and that's it. There's no involvement from the court. There's no judicial imprimatur. And under 41A2, the parties file a motion with an order and the court signs an order dismissing the case. That is a judicial imprimatur. That didn't happen here. There is a significant difference between those two. That's why we sought to have this dismissed under Rule 41A1A2, because it wouldn't involve the judge. It got the case finished that quickly and got it over with. Could you address further Mr. Stewart's argument about the with prejudice, that the with prejudice itself affected the legal relationship between the parties? And if I understand the argument correctly, that that would bring it within a Lanham Act attorney fee situation? I don't believe it does. There are a number of courts that have addressed that with prejudice cases that we've cited. There's the Malibu media case, which was with prejudice. Excuse me, the Hopkins case, which was the case in Kansas here where the parties wanted to dismiss, the plaintiff wanted to dismiss it pursuant to Rule 41A1A2 with prejudice so that the defendant could then pursue its fees. And the defendant argued, no, a dismissal under 41A1A2 with prejudice is not sufficient to create a judicial imprimatur. And the district court agreed there. The court's not involved still at that point. If we aren't constrained by Buchanan on the Utah claim, why isn't your opposing counsel correct that this is an exercise of discretion by the district court? And this court has a deferential standard of review. Why shouldn't we defer to the district court on the attorney's fees for the Utah claim? I think on the particular elements, I think overall it's abuse of discretion, but on those particular elements, as I mentioned earlier, it's a clearly erroneous standard that the court articulates with respect to the findings. And the thing about it, too, I know that they make light of the dismissal of their counterclaims against this. There were counterclaims for non-infringement and for invalidity. Non-infringement may have been mooted by the dismissal, but invalidity wasn't. My client's trade dress is important to them. They've used it for 20 years. They've got a successful product and a successful company. And it was very important to them that the validity of their trade dress be preserved. Does that go to the Utah claim? It goes to the Utah claim because you're trying to determine who... That seems to do a little bit more towards the catalyst theory because the court's looking to see what role that claim played and who prevailed. Well, we have the same argument that when they dismissed their counterclaims against us, we prevailed. We prevailed on those counterclaims. Those were dismissed with prejudice. The validity of our trade dress cannot be challenged by them, Your Honor. Counsel, we appreciate your argument, appreciate the arguments of both counsel.